UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DELORISE DAVIS, | ) |
| | ) |
| Plaintiff, | ) No. 4:17-CV-987 RLW |
| | ) |
| v. | ) |
| | ) |
| DEPARTMENT OF HOUSING AND | ) |
| URBAN DEVELOPMENT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, In the Alternative, for Failure to State a Claim (ECF No. 8). This matter is fully briefed and ready for disposition.

## BACKGROUND[1]

In her Complaint, Plaintiff Delorise Davis seeks redress of agency actions pursuant to the Administrative Procedure Act, 5 U.S.C. §§701 and 702. Davis was hired by McCormack Barron on April 23, 2001 as Director of Community Service and Safety. (Complaint, ECF No. 1, ¶17). She later served as Property Manager. As Property Manager, Davis was responsible for managing a Department of Housing and Urban Development ("HUD") Property, O'Fallon Place, which is located near downtown St. Louis city. (*Id.*, ¶18). Davis claims that she was "accused and found guilty of renting a "HUD apartment" at O'Fallon Place to a resident who was income

---

[1] In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant. *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

ineligible to live in a government-subsidized apartment. (*Id.*, ¶13). Davis asserts that, on February 28, 2012, she entered a guilty plea "under duress" to "knowingly and willfully making a material false statement." (*Id.*, ¶14); *see United States v. Delorise Davis*, Case No. 4:11 CR377AGF (E.D. Mo.). Davis entered a plea of guilty, along with a Guilty Plea Agreement, to one count of knowingly violating Title 18, United States Code Section 1001. Davis was represented by counsel during her Change of Plea Hearing. Davis testified, under oath, that it was her desire to enter her plea of guilty. Davis also testified that the facts in the plea agreement were true and that she understood she was waiving her right to appeal all non-jurisdictional, non-sentencing issues. Davis further testified that she understood she was waiving her right to appeal her sentence in a post-conviction proceeding, except for claims of prosecutorial misconduct and ineffective assistance of counsel. Davis was sentenced to five years of probation, 100 hours of community service, and $15,124.00 in restitution to HUD. (*Id.*, ¶16).

## DISCUSSION

### I. Standard of Review

#### A. 12(b)(1)

"Federal Rule of Civil Procedure 12(b)(1) provides that the court may dismiss an action for lack of subject matter jurisdiction." *Mittleider v. Canadian Pac. Ry. Co.*, No. CIV. 11-4054-KES, 2012 WL 1231939, at *3 (D.S.D. Apr. 12, 2012). Rule 12(b)(1) "'is rooted in the unique nature of the jurisdictional question.'" *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir.1990) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981)). In determining a Rule 12(b)(1) motion, the court may look to evidence outside the pleadings. *Id.* Reviewing outside evidence under Rule 12(b)(1) does not convert the motion into a Rule 56(c) summary judgment motion like reviewing outside evidence does in the context of a Rule 12(b)(6) motion to dismiss

or a Rule 12(c) motion for judgment on the pleadings. *Deuser v. Vecera,* 139 F.3d 1190, 1192 n. 3 (8th Cir. 1998).

### B. 12(b)(6)

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp., v. Twombly,* 550 U.S 544, 570 (2007). A "formulaic recitation of the elements of a cause of action" will not suffice. *Twombly,* 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 556).

## II. Discussion

### A. Lack of Subject Matter Jurisdiction

To sue the United States, a plaintiff must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction. *V.S. Ltd. P'ship v. HUD,* 235 F.3d 1109, 1112 (8th Cir.2000) (citing *Presidential Gardens Assocs. v. United States,* 175 F.3d 132, 139 (2d Cir.1999)). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite to jurisdiction." *United States v. Navajo Nation,* 537 U.S. 488, 502, 123 S.Ct. 1079, 1089, 155 L.Ed.2d 60 (2003) (citation omitted). Even when the federal government does waive its immunity from suit, "limitations and conditions upon which the Government consents to be sued must be strictly observed, and exceptions thereto are not to be implied." *Lehman v. Nakshian,* 453 U.S. 156, 161, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981) (citation omitted).

The Court notes that Davis purports to bring her claims under the Administrative Procedures Act ("APA"), 5 U.S.C. §701 and §702. The APA provides a limited waiver of sovereign immunity for final agency actions for claims seeking relief other than money damages. 5 U.S.C. §702 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."). However, the Court holds that the APA does not provide a basis for jurisdiction over Davis' action. Davis does not identify any final agency action by HUD. Neither administrative record nor any final agency decision from HUD exists for this Court to review. The decision to prosecute based upon HUD's criminal investigation was made by the Department of Justice.

The Court holds that Davis has not met her burden of establishing jurisdiction by a preponderance of the evidence as required under Fed. R. Civ. P. 12(b)(1). Because Davis has not alleged that there was any final agency decision, this Court lacks jurisdiction over her claim and her claim is barred by sovereign immunity. *See Cathedral Square Partners Ltd. P'ship*, 679 F. Supp. 2d at 1040, *on reconsideration*, 875 F. Supp. 2d 952 (D.S.D. 2012) (citing *Bowen v. Massachusetts,* 487 U.S. 879, 891–92, 108 S.Ct. 2722, 2730–31 101 L.Ed.2d 749 (1988)) ("The Supreme Court has explained that a litigant may invoke the APA's waiver of sovereign immunity to challenge the legitimacy of agency actions[2] in district court if the litigant can satisfy the several limitations Congress has placed on the waiver of sovereign immunity pursuant to both 5 U.S.C § 702 and 5 U.S.C. § 704."). Therefore, the Court grants Defendant's Motion to Dismiss based upon lack of subject matter jurisdiction.

## B. Failure to State a Claim

As previously discuss, the APA provides for judicial review of agency decisions. *See* 5 U.S.C. §704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."). APA review, however, is not available to Davis under the facts presented in her case.

First, Davis has an adequate remedy for her allegation that she pleaded guilty under duress. Davis can bring an action pursuant to the habeas corpus statute, 28 U.S.C. §2255. Habeas corpus provides collateral attacks of federal convictions. *See Ivory v. Outlaw*, No. 2:08-CV-00156 BSM, 2010 WL 5347411, at *3 (E.D. Ark. Oct. 4, 2010) ("A collateral challenge to the validity of a federal conviction or sentence must be raised in a motion to vacate that is filed *in the sentencing court* under 28 U.S.C. § 2255…"). Davis also could have filed a Writ of Error Coram Nobis. In order to obtain coram nobis relief, a person must articulate the fundamental errors and compelling circumstances. *United States v. Morgan*, 346 U.S. 502, 512, 74 S. Ct. 247, 247 (1954)(quoting *Kandiel v. United States,* 964 F.2d 794, 797 (8th Cir.1992)); *Hunter v. United States*, 317 F. Supp. 2d 1147, 1148 (D.N.D. 2004). A person seeking coram nobis relief must demonstrate that she presently suffers adverse legal consequences which stem from the conviction she is challenging. *See Stewart v. United States,* 446 F.2d 42, 43–44 (8th Cir.1971); *see also, United States v. Mandanici,* 205 F.3d 519, 524 (2nd Cir.2000); *Hager v. United States,* 993 F.2d 4, (1st Cir.1993); *Howard v. United States,* 962 F.2d 651 (7th Cir.1992); *United States v. Drobny,* 955 F.2d 990 (5th Cir.1992); *United States v. Stoneman,* 870 F.2d 102 (3d Cir.1989); *Rodgers v. Wyrick,* 621 F.2d 921 (8th Cir.1980); *Hunter,* 317 F. Supp. 2d at, 1148. However, "[a] writ of error coram nobis is an 'extraordinary remedy'" which should only be granted "'under circumstances compelling such action to achieve justice' and to correct errors 'of the

most fundamental character.'" *United States v. Camacho–Bordes,* 94 F.3d 1168, 1173 (8th Cir. 1996) (quoting *United States v. Morgan,* 346 U.S. 502, 511–12, 74 S.Ct. 247, 98 L.Ed. 248 (1954)); *Hunter v. United States,* 317 F. Supp. 2d 1147, 1148 (D.N.D. 2004); *Grady v. United States,* No. 4:08 CV 1243 RWS, 2008 WL 4151412, at *1 (E.D. Mo. Sept. 3, 2008) ("Coram nobis is an 'extraordinary remedy; and is not intended to be a substitute for § 2255 proceedings."); *Katz v. United States,* No. 4:11 CV 513 CDP, 2011 WL 1533071, at *2 (E.D. Mo. Apr. 21, 2011)("coram nobis cases are substantially similar to § 2255 cases"). Here, a writ of coram nobis claim cannot lie because Davis had other statutory remedies available. *See Grady,* 2008 WL 4151412, at *1 ("The claims in the instant petition were either previously raised or could have been raised on direct appeal or in a proper § 2255 motion. Coram nobis is not, therefore, available to provide petitioner's requested relief."); *Carlisle v. United States,* 517 U.S. 416, 429, 116 S. Ct. 1460, 1467, 134 L. Ed. 2d 613 (1996) ("a writ of *coram nobis* ... was traditionally available only to bring before the court factual errors 'material to the validity and regularity of the legal proceeding itself,' such as the defendant's being under age or having died before the verdict").

Second, as previously discussed, the Court dismisses this action because the limited waiver of sovereign immunity under the APA is not applicable here. Davis has not brought a proper review of an agency decision under the APA. Rather, this case involves a challenge to Davis' conviction after a guilty plea. Davis presents no agency record for the Court to review. Likewise, HUD provided no final agency determination. The Court has no administrative record or final agency determination to review for arbitrary and capriciousness. *See F.C.C. v. Fox Television Stations, Inc.,* 556 U.S. 502, 513, 129 S. Ct. 1800, 1810, 173 L. Ed. 2d 738 (2009) ("The Administrative Procedure Act, 5 U.S.C. § 551 *et seq.,* which sets forth the full extent of

judicial authority to review executive agency action for procedural correctness, … permits … the setting aside of agency action that is 'arbitrary' or 'capricious,' 5 U.S.C. § 706(2)(A)."). Therefore, the Court holds that Davis' complaint shall be dismissed for failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, In the Alternative, for Failure to State a Claim (ECF No. 8) is **GRANTED**.

An appropriate Judgment is filed herewith.

Dated this 27th day of September, 2017.

                                                     **RONNIE L. WHITE**
                                                   **UNITED STATES DISTRICT JUDGE**